UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAFAEL JORGE,                          *
                                       *
        Plaintiff,                     *
                                       *        Civil Action No. 23-30004-MGM
            v.                         *
                                       *
VIMEO,                                 *
                                       *
        Defendant.                     *


MEMORANDUM AND ORDER RE: REPORT AND
RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS
(Dkt. Nos. 18 and 101)

February 22, 2024

MASTROIANNI, U.S.D.J.

On February 1, 2024, Magistrate Judge Katherine A. Robertson issued a Report and

Recommendation which recommended that the court grant Defendant's motion to dismiss

Plaintiff's *pro se* complaint. Judge Robertson explained: (1) Plaintiff has statutory standing to sue for

copyright infringement because he is the "beneficial owner" of the subject film, as his distribution

agreement with non-party Adler & Associates Entertainment, Inc. entitles him to a portion of the

proceeds generated by the film's distribution; (2) Defendant is not entitled to dismissal based on the

Digital Millenium Copyright Act of 1998 safe harbor defenses; but (3) Plaintiff's complaint fails to

state a claim for vicarious copyright infringement against Defendant because he does not have a

claim for *direct* copyright infringement against Adler & Associates, only for breach of contract. In

particular, Judge Robertson explained that the distribution agreement gave Adler & Associates the

right to distribute Plaintiff's film to Vimeo.com, and "Plaintiff's real dispute seems to be that Adler

& Associates was not paying him properly in accordance with the terms of the agreement." (Dkt.

No. 101 at 11.) Under the distribution agreement, Judge Robertson explained, "Adler & Associates' obligation to pay royalties is a covenant, not a condition," which means "Plaintiff's only recourse against Adler & Associates would be for breach of contract, not copyright infringement." (*Id.* at 12-13 (citing *Photographic Illustrators Corp. v. Orgill, Inc.*, 370 F. Supp. 3d 232, 247 (D. Mass. 2019)).) Thus, because Plaintiff cannot hold Adler & Associates liable for direct copyright infringement based on the facts alleged, Plaintiff also cannot hold Defendant liable for vicarious copyright infringement. *See, e.g.*, *Resnick v. Copyright Clearance Ctr., Inc.*, 422 F. Supp. 2d 252, 258 (D. Mass. 2006) ("A defendant is not liable under a . . . vicarious theory of liability unless plaintiffs show direct infringement by a third party."). On February 14, 2024, Plaintiff filed a timely objection to Judge Robertson's Report and Recommendation. (Dkt. Nos. 103, 104.)

The court agrees with the thorough and well-reasoned analysis presented in the Report and Recommendation. In particular, Plaintiff cannot bring a claim for vicarious copyright infringement against Vimeo without adequately alleging direct copyright infringement by a third-party—in this case, Adler & Associates. But, as Judge Robertson explained, the governing distribution agreement between Plaintiff and Adler & Associates created only a contractual covenant to pay a portion of royalties to Plaintiff; it did not create a condition which would render Adler & Associates' use of the film unauthorized if the condition was not satisfied. *See Photographic Illustrators*, 370 F. Supp. 3d at 247-48. Although Plaintiff filed an objection, he points to no contractual language which would support the contention that the distribution agreement created a condition regarding royalties, rather than a covenant, permitting a direct copyright infringement claim against Adler & Associates (or its agents).

Accordingly, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation. As a result, Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief can be granted. This case shall be closed.

It is So Ordered.

                        _/s/ Mark G. Mastroianni_____
                        MARK G. MASTROIANNI
                        United States District Judge